UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ROGER N. CASE and JASON L. CASE, | ) |
| ) | Case No. 1:25-cv-140 |
| *Plaintiffs*, | ) |
| ) | Judge Travis R. McDonough |
| v. | ) |
| ) | Magistrate Judge Christopher H. Steger |
| JOHN R. CANTRELL and AMES EXCAVATING, LLC, | ) |
| ) | |
| *Defendants*. | ) |

**MEMORANDUM AND ORDER**

Plaintiffs Roger N. Case and Jason L. Case, proceeding pro se, initiated this action on May 5, 2025, alleging that Defendants John R. Cantrell and Ames Excavating, LLC failed to compensate them as agreed for truckloads of dirt they delivered and asserting various claims under Tennessee state law. (*See generally* Doc. 1.) At the time they filed their complaint, Plaintiffs also filed a motion for writ of attachment and for a temporary restraining order to preserve Defendants' assets. (Doc. 2.) Specifically, Plaintiffs' motion states that, "[u]pon information and belief, Defendants may dissipate, conceal, or transfer assets, including corporate bank accounts, trucks, or property, to frustrate potential enforcement of any future judgment" and that "there is a substantial risk that Defendants will make themselves judgment-proof by transferring funds or liquidating company property if relief is not granted." (*Id*. at 2–3.) Based on these considerations, Plaintiffs request that the Court:

(1) issue a writ of attachment directing the U.S. Marshal or other appropriate authority to seize or restrain bank accounts held in Defendants' names,

> proceeds from the sale of dirt supplied by Plaintiffs, and business equipment, assets or real estate belonging to Defendants;
>
> (2) prohibit Defendants from transferring, concealing, or disposing of corporate and personal assets;
>
> (3) prohibit Defendants from liquidating or dissolving Ames Excavating, LLC;
>
> (4) prohibit Defendants from making withdrawals from business accounts exceeding $2,500.00 without court approval; and
>
> (5) require Defendants to disclose all assets, financial accounts, and recent transfers.

(*Id*. at 3–4.)

Federal Rule of Civil Procedure 64 allows federal courts to impose every remedy available under the laws of the state where the court is located to secure satisfaction of a potential judgment. Under Tennessee law, "the property of a judgment debtor or defendant may be attached in enumerated statutory circumstances, including when the debtor or defendant resides out of state, has absconded, or has fraudulently disposed of or is about to fraudulently dispose of the property" and "[a]ttachment is available for unliquidated debts, except that, under the plain language of the statute, prejudgment attachment is expressly precluded when the only ground for such attachment is the out-of-state residence of the defendant." *Eberhard v. Physicians Choice Lab'y Servs., LLC*, No. 3:15-0156, 2016 WL 6432794, at *2 (M.D. Tenn. Oct. 31, 2016), *report and recommendation approved*, No. 3:15-CV-0156, 2016 WL 6833658 (M.D. Tenn. Nov. 21, 2016) (citing Tenn. Code Ann. §§ 29–6–101,102). The burden is on Plaintiffs to show by a preponderance of evidence that grounds for attachment exist and "allegations made in support of attachment must be based on something more than mere speculation." *Id*.

In this case, Plaintiffs have provided nothing more than mere speculation that Defendants may fraudulently dispose of their property and, as a result, frustrate their ability to collect on a future judgment. Such an allegation, especially one founded upon "information and belief" is

not sufficient to satisfy Plaintiffs' burden of demonstrating by a preponderance of the evidence that grounds for prejudgment attachment exist in this case. Accordingly, the Court will **DENY** Plaintiffs' motion to the extent it seeks that the Court issue a prejudgment writ of attachment under Tennessee Code Annotated § 29-6-101, *et seq*.

The Court will also deny Plaintiffs' request to issue a temporary restraining order freezing Defendants' assets for the purpose of securing satisfaction of any judgment they ultimately obtain.[1] As the Supreme Court of the United States has explained, prior to entry of a judgment, a creditor cannot invoke a court's equitable powers to freeze assets to be later used to satisfy a money judgment. *See Grupo Mexicano de Desarrolo S.A. v. Alliance Bond Fund, Inc.*, 427 U.S. 308, 323 (1999) (a party's unencumbered assets cannot be "frozen by general-creditor claimants before their claims have been vindicated by judgment"). Accordingly, Plaintiffs' motion for writ of attachment and for a temporary restraining order (Doc. 2) is **DENIED**.

---

[1] The purpose of a temporary restraining order is to preserve and maintain the status quo for a very short period of time "so that a reasoned resolution of a dispute may be had." *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996). When reviewing motions for TROs, courts must consider the following: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without an injunction; (3) whether granting the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting the injunction. *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) (citing *Am. Imaging Servs., Inc. v. Eagle-Picher Indus.*, Inc., 963 F.2d 855, 858 (6th Cir. 1992)); *see also Midwest Retailer Associated, Ltd. v. City of Toledo*, 563 F. Supp. 2d 796, 802 (N.D. Ohio 2008) ("The same standard generally applies to the issuance of temporary restraining orders and preliminary injunctions."). These considerations are "factors to be balanced and not prerequisites that must each be satisfied" before relief may issue. *Eagle-Picher*, 963 F.2d at 859. Nor are they "rigid and unbending requirements"; rather, "[t]hese factors simply guide the discretion of the court." *Id*. The party seeking injunctive relief bears the burden of justifying such relief. *Id*. Because the Court cannot provide the relief Plaintiffs seek, it need not analyze whether they have otherwise met their burden for issuance of a temporary restraining order.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**